METZ et al. v. CITY AND COUNTY OF DENVER et al.

(Circuit Court of Appeals, Eighth Circuit.   May 31, 1911.)

No. 3,104.

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS (§ 985*)—PARK COMMISSION OF DENVER—PRO-CEEDS OF GENERAL TAXATION IN ANY DISTRICT.

The charter of the city and county of Denver empowers its park commission to expend the moneys collected by general taxation and appropriated by the charter to the maintenance and improvement of parks and parkways, wherever in the city and county in their judgment the needs of the respective park districts require its expenditure.

The commission is not required to expend such moneys in the respective park districts whence these moneys were derived by means of the taxation of the property therein.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 985.*]

Appeal from the Circuit Court of the United States for the District of Colorado.

Bill by Louis Metz and others against the City and County of Denver and others. From a decree dismissing the bill, complainants appeal. Affirmed.

Albert L. Vogl and Carle Whitehead, for appellants.

F. W. Sanborn (H. A. Lindsley and Geo. Q. Richmond, on the brief), for appellees.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. This is an appeal from a decree which sustained a demurrer to and dismissed the bill of Louis Metz and other owners of real estate in the Highland Park district in the city and county of Denver, to enjoin the corporation, its mayor and the members of its park commission from using the moneys collected by general taxation of the property in that district for the maintenance and improvement of parks and parkways in other districts and to require them to take out of the moneys that shall be collected for the maintenance and improvement of parks and parkways by general taxation of the property in other districts, and to expend in the Highland Park district about $89,000, an amount which they have heretofore taken out of the moneys collected from the latter district, and have expended for the maintenance and improvement of parks in other districts. The question presented is, Have the mayor and park commission of the city and county of Denver the power to expend for the purpose of maintaining and improving parks and parkways the moneys collected by the general taxation of the property of one park district in the other park districts of that municipal corporation? The answer must be found in the Constitution of Colorado and the charter of the city and county of Denver. The people of the state of Colorado by the twentieth article of their Constitution conferred upon the city

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and county of Denver the exclusive power to make, alter, revise or amend the charter of that municipal corporation (section 4) and bestowed upon the people of Denver every power possessed by the Legislature over that subject. People v. Sours, 31 Colo. 369, 387, 74 Pac. 167, 102 Am. St. Rep. 34; People v. Johnson, 34 Colo. 143, 159, 86 Pac. 233; Denver v. Hallett, 34 Colo. 393, 398, 83 Pac. 1066. In the exercise of the power thus vested in them the people of Denver on February 6, 1904, adopted their charter and these are the provisions of it that are material to the question here at issue:

Section 323: The city and county of Denver is divided into four park districts, one of which is the Highland Park district.

Section 97: The park commission and the mayor have complete and exclusive power to expend (1) all sums of money that may be raised by general taxation for park purposes; (2) all sums of money appropriated by the council from the general revenues for the same purposes; (3) all moneys realized by the commission from the sale of privileges in or near the parks of the city and county of Denver; (4) all money realized from the sale of the general bonds of the city and county and set apart for park purposes; and (5) all money realized from the sale of park district bonds.

Section 103: No moneys levied or appropriated by the council or the charter for park purposes remaining unexpended at the end of any fiscal year shall be converted into the general fund or be subject to appropriation for general purposes.

Section 105: (1) The proceeds of any bonded indebtedness of the city and county incurred for the purpose of acquiring lands for parks or parkways shall be used in acquiring lands in the several park districts in proportion to the assessed value of the real estate in each district; (2) the council shall annually assess and collect upon each dollar of taxable property within the city and county at least one and one-third mills, the proceeds of which shall be set apart and shall constitute an improvement and maintenance fund for park purposes; (3) "all moneys collected as taxes levied for the maintenance and improvement of parks and parkways shall be expended by the commission as in their judgment the needs of the several park districts require."

Section 324: In addition to the power of the commission to acquire lands for park purposes by the sale of general bonds of the city the commission may, with the approval of the mayor, acquire parks and parkways in each district to be paid for by special assessments upon all the other real estate in the district, except parks, parkways, and streets.

Section 325: The commission may acquire real estate for parks and parkways by the exercise of the power of eminent domain.

Section 326: Parks and parkways so established or such part thereof as may be determined by the mayor and the park commission shall be paid for by the general bonds of the city and county.

Section 327: Whenever the cost of any such park site can be definitely ascertained, bonds may be issued and sold therefor, the proceeds thereof may be used exclusively in the purchase or condemnation of park sites and parkways. The bonds so issued shall be paid by special assessments upon all the other real estate in the district and "shall be paid only out of the moneys collected from said assessments."

Sections 327 and 328 describe the method of making and collecting these special assessments.

Section 329: "No moneys received from any source for any park district shall be expended in or for any other park district."

The contention of counsel for the complainants below is that the section last cited prohibits the use by the commission and mayor of any of the moneys collected by means of the general taxation of the property in any park district for park purposes in any other district. In support of this position they call attention to the fact alleged in the bill that the Highland Park district is separated from the other districts of the city by the Platte river, by railroads and warehouses. and they argue that parks are improvements local to their respective districts; that the division of the city into park districts by the charter is conclusive evidence of this fact; that benefits to taxpayers must bear some reasonable relation to the taxes they are required to pay; that the property of owners cannot be taken from them by taxation and then be expended for the exclusive benefit of third persons: and that the provision of section 105 that the proceeds of the general bonds of the city and county shall be used for acquiring lands in the several park districts for parks and parkways in proportion to the assessed value of the real estate in each district, and the prohibition in section 103 of the use of moneys appropriated for park purposes for any other purpose, sustain their contention. These facts and arguments are not without persuasive power. But there are others as well worthy of consideration. While parks and parkways in cities are doubtless of more benefit to the residents and the property in their immediate neighborhoods respectively than to the more remote residents and property in the municipalities, yet they are by the consensus of the opinions and acts of the denizens of cities of material benefit to all the citizens and to all the property within the respective municipalities. Witness the universal practice of the owners of property in cities to tax themselves to acquire and maintain them. They are not improvements exclusively local, nor are they improvements exclusively general. They are both general and local improvements, improvements of such general benefit as to sustain general taxation of the property within a city to acquire and maintain them, and of such local benefit as to sustain special assessments upon the property in their respective neighborhoods for the same purpose. All the sections of the charter of the city and county of Denver must be read and construed together to ascertain the true meaning and purpose of the enactments therein upon this subject, and each provision of the charter must, if possible, be given full force and effect. Let us read the material provisions of the charter upon this subject in the light of these established canons of interpretation. Section 103 merely prohibits the use of moneys, already appropriated for park purposes, for any other purpose and it is neither determinative nor indicative of the proper decision of the question before us. The provision of section 105 that the proceeds of city bonds issued to acquire parks and parkways must be used in acquiring lands in the several park districts in proportion to the assessed value of the real

estate in each district might be persuasive if it stood alone and, if the charter contained nothing more on the subject, that provision and section 329 might be conclusive. But section 97 discloses the fact that there were five sources from which moneys might be derived for park purposes, (1) from general taxation, (2) from appropriations from the general revenue by the city council, (3) from the sale of privileges, (4) from the sale of general city bonds, (5) from the sale of park district bonds, and it empowers the mayor and the park commission to expend the moneys derived from each of these sources. Then comes section 105 which singles out the proceeds from the fourth source and requires that part of these proceeds derived from any indebtedness of the city for the acquisition of parks and parkways to be used to acquire them in the respective park districts in proportion to the valuation of real estate in each district, but leaves the commission free to use the moneys derived from the other four sources wherever their judgment dictates. Nor is this all. That identical section authorizes and requires the levy annually of a general tax upon all the property within the city and county, of at least one and one-third mills for "an improvement and maintenance fund for park purposes" and provides that all moneys "collected as taxes for the maintenance and improvement of parks and parkways shall be expended by the commission as in their judgment the needs of the several park districts require." Note that the proceeds of the city indebtedness for acquiring parks is to be used in the respective park districts in proportion to the assessed valuations of real estate therein, and that the proceeds of the general taxation of the property in the city and county for the maintenance and improvement of the parks and parkways is to be expended by the commission wherever in their judgment the needs of the several park districts require that expenditure. Now turn to section 329, on which counsel for the complainants chiefly rely. That section is found in another portion of the charter. It follows sections 324 to 328, which provide a method of acquiring parks and parkways by special assessments upon the property in the respective districts in which they are situated and by the issue and sale of park district city bonds. It declares that no moneys received from any source for any park district shall be expended for any other park district. What moneys are received from any source under this charter for any park district? The proceeds of special assessments for the acquisition of parks and parkways, the proceeds of park district bonds issued for that purpose and the proceeds of city bonds issued for that purpose appropriated by section 105 to the respective park districts in proportion to the assessed valuation of the real estate in each district. But all sums of money raised by general taxation for the maintenance and improvement of parks and parkways are received, not for any park district, but for the entire city and county of Denver, and by the express provision of section 105 the commission is empowered to expend these moneys in any park district in the city where in their judgment the needs of the several park districts require its expenditure. There was no error in the decree below and it is affirmed.